UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN   DIVISION at   DAYTON

| In re | ) | Case No.   19-31949 |
|---|---|---|
| Roshell Anderson | ) | |
| | ) | Chapter 13 |
| | ) | Judge    Beth A. Buchanan |
| Debtor(s) | | |

## CHAPTER 13 PLAN

**1. NOTICES**

The Debtor has filed a case under chapter 13 of the Bankruptcy Code. A notice of the case (Official Form 309I) will be sent separately.

This is the Mandatory Form Chapter 13 Plan adopted in this District. Local Bankruptcy Rule ("LBR") 3015-1. "Debtor" means either a single debtor or joint debtors as applicable. "Trustee" means Chapter 13 Trustee. Section "§" numbers refer to sections of Title 11 of the United States Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure.

Unless otherwise checked below, the Debtor is eligible for a discharge under § 1328(f).
☐ Debtor _____ is **not eligible** for a discharge.
☐ Joint Debtor _____ is **not eligible** for a discharge.

☒ **Initial Plan**

☐ **Amended Plan**  The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on the Trustee, the United States trustee and all adversely affected parties. If the Amended Plan adversely affects any party, the Amended Plan shall be accompanied by the twenty-one (21) day notice. Rule 2002(a)(9). Any changes (additions or deletions) from the previously filed Plan or Amended Plan must be clearly reflected in bold, italics, strike-through or otherwise in the Amended Plan filed with the Court. LBR 3015-2(a)(1).

If an item is not checked, the provision will be ineffective if set out later in the Plan.
☐ **This Plan contains nonstandard provisions in Paragraph 13.**
☒ **The Debtor proposes to limit the amount of a secured claim based on the value of the collateral securing the claim. See Paragraph(s) 5.1.2 and/or 5.1.4.**
☐ **The Debtor proposes to eliminate or avoid a security interest or lien. See Paragraph(s) 5.4.1 and/or, 5.4.2 and 5.4.3.**

**NOTICES TO CREDITORS: You should read this Plan carefully, including Paragraph 13 (Nonstandard Provisions), and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Except as otherwise specifically provided, upon confirmation, you will be bound by the terms of this Plan. Your claim may be reduced, modified, or eliminated. The Court may confirm this Plan if no timely objection to confirmation is filed.**

**2. PLAN PAYMENT AND LENGTH**

**2.1 Plan Payment.** The Debtor shall pay to the Trustee the amount of $ ___750___ per month. [Enter step payments below, if any.] The Debtor shall commence payments within thirty (30) days of the petition date.

**2.1.1 Step Payments, if any:** _____

**2.2 Unsecured Percentage**

☒ **Percentage Plan.** Subject to Paragraph 2.3, this Plan will not complete earlier than the payment of __10__ % on each allowed nonpriority unsecured claim.

☐ **Pot Plan.** Subject to Paragraph 2.3, the total amount to be paid by the Debtor to the Trustee is $ _____ . Assuming all claims are filed as scheduled or estimated by the Debtor, payment on each allowed nonpriority unsecured claim is estimated to be no less than _____ %. LBR 3015-1(c)(2).

**2.3 Means Test Determination**

☐ **Below Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the plan must be a minimum of thirty-six (36) months but not to exceed sixty (60) months.

☒ **Above Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the Plan must be sixty (60) months.

**3. PRE-CONFIRMATION LEASE PAYMENTS AND/OR ADEQUATE PROTECTION PAYMENTS**

Pre-confirmation personal property lease payments governed by § 1326(a)(1)(B) shall be made as part of the total plan payment to the Trustee. LBR 3070-1(a). Pre-confirmation adequate protection payments governed by § 1326(a)(1)(C) shall be made as part of the total plan payment to the Trustee. LBR 3070-1(b). The lessor/secured creditor must file a proof of claim to receive payment. LBR 3070-1(a) and (b).

| Name of Lessor/Secured Creditor | Property Description | Monthly Payment Amount | |
|---|---|---|---|
| Chrysler Capital | 2014 Dodge Challenger | $300 | |

**4. SECURED CLAIMS: TREATMENT, TIMING AND SERVICE REQUIREMENTS**

4.1    Non-Governmental Unit Secured Claims. The Debtor may propose to limit the amount of a secured claim based on the value of the collateral securing the claim by the procedure proposed in Paragraphs 5.1.2 and 5.1.4. Further, the Debtor may propose to eliminate or avoid a security interest or lien by the procedure proposed in Paragraphs 5.4.1, 5.4.2 and 5.4.3. If the Debtor proposes to seek any of the above-stated relief by way of motion or claim objection, the motion or claim objection must be filed on or before the § 341 meeting of creditors or the confirmation hearing may be delayed. If a judicial lien or nonpossessory, nonpurchase-money security interest is discovered after confirmation of the Plan, a motion to avoid the judicial lien or security interest may be promptly filed after it is discovered.

4.2    Governmental Unit Secured Claims. A request to determine the amount of the secured claim of a governmental unit or to modify and eliminate the secured claim of a governmental unit may be made **only** by motion or claim objection. Rule 3012(c). Any motion or claim objection that includes a request to determine the amount of the secured claim of a governmental unit (including any such motion or claim objection that also includes a request to determine the amount of the secured claim of a non-governmental entity) may be filed **only** after the governmental unit files a proof of claim or after the time for filing one has expired. Rule 3012, advisory committee note (2017 Amendments).

4.3    Service Requirements. If the Debtor proposes to seek relief under Paragraphs 5.1.2, 5.1.4, 5.4.1, 5.4.2, or 5.4.3, the motion, Plan or claim objection, as applicable, must be served in the manner provided by Rule 7004 for service of a summons and complaint. Rule 3007(a)(2), Rule 3012(b), Rule 4003(d) and General Order 22-2.

4.4    Retention of Lien. The holder of any claim listed in Paragraphs 5.1.2, 5.1.4 and 5.4.1 will retain its lien on the property interest of the Debtor or the Debtor's estate until the earlier of --(a) payment of the underlying debt determined under nonbankruptcy law, (b) discharge of the underlying debt under 11 U.S.C. § 1328, or (c) completion of the Plan --at which time the lien will terminate and be released by the creditor

## 5. PAYMENTS TO CREDITORS

### SUMMARY OF PAYMENTS BY CLASS

| Class | Definition | Payment/Distribution by Trustee |
|---|---|---|
| Class 1 | Claims with Designated Specific Monthly Payments | Paid first in the monthly payment amount designated in the Plan |
| Class 2 | Secured Claims with No Designated Specific Monthly Payments and Domestic Support Obligations (Arrearages) | Paid second and pro rata with other Class 2 claims |
| Class 3 | Priority Claims | Paid third and pro rata with other Class 3 claims |
| Class 4 | Nonpriority Unsecured Claims | Paid fourth and pro rata with other Class 4 claims |
| Class 5 | Claims Paid by a Non-Filing Co-Debtor or Third Party | Not applicable |
| Class 6 | Claims Paid by the Debtor | Not applicable |

Except as provided in Paragraph 3, the Trustee shall begin making distributions upon confirmation. To the extent funds are available, the maximum number of Classes may receive distributions concurrently. Notwithstanding the above, the Trustee is authorized within the Trustee's discretion to calculate the amount and timing of distributions as is administratively efficient.

### 5.1 CLASS 1 - CLAIMS WITH DESIGNATED SPECIFIC MONTHLY PAYMENTS

The following Class 1 claims shall be paid first in the monthly payment amount designated below. The plan payment is calculated in an amount that is sufficient for the Trustee to make a full monthly distribution on all Class 1 claims plus the statutory Trustee fee. If the Debtor makes a payment that is less than the full plan payment amount, the Trustee will make distributions on Class 1 claims in the order of priority set forth in the Bankruptcy Code.

#### 5.1.1 Maintenance of Regular Mortgage Payments

Regular mortgage payments shall be calculated for payment starting the month after the filing of the petition. Arrearages shall be paid as Class 2 claims.

**Trustee disburse.**

| Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount | |
|---|---|---|---|---|
| | | | $ | |

**Debtor direct pay.** Unless otherwise ordered by the Court, regular monthly mortgage payments may only be paid directly by the Debtor if the mortgage is current as of the petition date. LBR 3015-1(e)(1).

| Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount | |
|---|---|---|---|---|
| | | | $ | |

**5.1.2 Modified Mortgages or Liens Secured by Real Property ["Cramdown/Real Property"]**

The following claims are subject to modification as (1) claims secured by real property that is not the Debtor's principal residence, (2) claims secured by other assets in addition to the Debtor's principal residence, or (3) claims for which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the Debtor's principal residence is due before the date on which the final payment under the plan is due. 11 U.S.C. §§ 1322(b)(2), (c)(2). To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

| Name of Creditor / Procedure | Property Address | Value of Property | Interest Rate | Minimum Monthly Payment | |
|---|---|---|---|---|---|
| (Creditor)<br>☐ Motion<br>☐ Plan<br>☐ Claim Objection | | $ | % | $ | |

**5.1.3 Claims Secured by Personal Property for Which § 506 Determination is Not Applicable ["910 Claims/Personal Property"]**

The following claims are secured by a purchase money security interest in either (1) a motor vehicle acquired for the Debtor's personal use within 910 days of the petition date or (2) personal property acquired within one year of the petition date. The proof of claim amount will control, subject to the claims objection process.

| Name of Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment Including Interest | |
|---|---|---|---|---|---|---|
| | | | $ | % | $ | |

**5.1.4 Claims Secured by Personal Property for Which § 506 Determination is Applicable ["Cramdown/Personal Property"]**

The following claims are secured by personal property not described above in Paragraph 5.1.3. To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

| Name of Creditor / Procedure | Property Description | Purchase/ Transaction Date | Value of Property | Interest Rate | Minimum Monthly Payment Including Interest | |
|---|---|---|---|---|---|---|
| Chrysler Capital<br>☐ Motion<br>☒ Plan<br>☐ Claim Objection | 2014 Dodge Challenger | 9/26/2016 | $14,000 | 6.5% | $300 | |

### 5.1.5 Domestic Support Obligations (On-Going) - Priority Claims under § 507(a)(1)

If neither box is checked, then presumed to be none.

☐ **Trustee disburse**

☐ **Debtor direct pay**

The name of any holder of any domestic support obligation as defined in § 101(14A) shall be listed below. If the Debtor becomes subject to a domestic support obligation during the Plan term, the Debtor shall notify his or her attorney and the Trustee.

| Name of Holder | State Child Support Enforcement Agency, if any | Monthly Payment Amount | |
|---|---|---|---|
| | | $ | |

### 5.1.6 Executory Contracts and Unexpired Leases

**The Debtor rejects** the following executory contracts and unexpired leases.

> **Notice to Creditor of Deadline to File Claim for Rejection Damages:**
> A proof of claim for rejection damages must be filed by the creditor within seventy (70) days from the date of confirmation of the Plan. Rule 3002(c)(4). Such claim shall be treated as a Class 4 nonpriority unsecured claim.

| Name of Creditor | Property Description | |
|---|---|---|
| | | |

**The Debtor assumes** the following executory contracts and unexpired leases. Unless otherwise ordered by the Court, all motor vehicle lease payments shall be made by the Trustee. LBR 3015-1(d)(2). Any prepetition arrearage shall be cured in monthly payments prior to the expiration of the executory contract or unexpired lease. The Debtor may not incur debt to exercise an option to purchase without obtaining Trustee or Court approval. LBR 4001-3.

**Trustee disburse.**

| Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/ Lease Termination Date | |
|---|---|---|---|---|---|---|
| | | | $ | $ | | |

**Debtor direct pay.**

| Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/ Lease Termination Date | |
|---|---|---|---|---|---|---|
| | | | $ | $ | | |

### 5.1.7 Administrative Claims

The following claims are administrative claims. Unless otherwise ordered by the Court, requests for additional attorney fees beyond those set forth below will be paid after the attorney fees set forth below and in the same monthly amount as set forth below. LBR 2016-1(b).

| | Name of Claimant | Total Claim | Amount to be Disbursed by Trustee | Minimum Monthly Payment Amount | |
|---|---|---|---|---|---|
| | Thomas M Fesenmyer | $3,700 | $3,200 | 350 | |

## 5.2 CLASS 2 - SECURED CLAIMS WITH NO DESIGNATED MONTHLY PAYMENTS AND DOMESTIC SUPPORT OBLIGATIONS (ARREARAGES)

### 5.2.1 Secured Claims with No Designated Monthly Payments

The following claims are secured claims with no designated monthly payments, including mortgage arrearages, certificates of judgment and tax liens. The proof of claim amount shall control, subject to the claims objection process. Class 2 claims shall be paid second and shall be paid pro rata with other Class 2 claims.

| | Name of Creditor | Estimated Amount of Claim | |
|---|---|---|---|
| | | $ | |

### 5.2.2 Domestic Support Obligations (Arrearages) - Priority Claims under § 507(a)(1)

☐ **Trustee disburse**

☐ **Debtor direct pay**

The name of any holder of any domestic support obligation arrearage claim or claim assigned to or owed to a governmental unit and the estimated arrearage amount shall be listed below.

| | Name of Holder | State Child Support Enforcement Agency, if any | Estimated Arrearage | |
|---|---|---|---|---|
| | | | $ | |

## 5.3 CLASS 3 - PRIORITY CLAIMS

Unless otherwise provided for in § 1322(a), or the holder agrees to a different treatment, all priority claims under § 507(a) shall be paid in full in deferred cash payments. § 1322(a). Class 3 claims shall be paid third and shall be paid pro rata with other Class 3 claims.

## 5.4 CLASS 4 - NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims shall be paid a dividend as provided in Paragraph 2.2. Class 4 claims shall be paid fourth and shall be paid pro rata with other nonpriority Class 4 claims.

### 5.4.1 Wholly Unsecured Mortgages/Liens

The following mortgages/liens are wholly unsecured and may be modified and eliminated. See *In re Lane*, 280 F.3d 663 (6th Cir. 2002). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| | Name of Creditor / Procedure | | Property Address | | |
|---|---|---|---|---|---|
| 1 | (Creditor) ☐ Motion ☐ Plan | | | | |
| | Value of Property | SENIOR Mortgages/Liens (Amount/Lienholder) | | Amount of Wholly Unsecured Mortgage/Lien | |
| 1 | $ | $ | (Lienholder)   + X C | $ | |

### 5.4.2 Judicial Liens Impairing an Exemption in Real Property

The following judicial liens impair the Debtor's exemption in real property and may be avoided under § 522(f)(1)(A). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| | Name of Creditor / Procedure | Property Address | Value of Property | Exemption | |
|---|---|---|---|---|---|
| 1 | (Creditor) ☐ Motion ☐ Plan | | $ <br>Debtor's Interest<br>$ | $ <br>Statutory Basis<br>§ | |
| | OTHER Liens or Mortgages (Amount/Lienholder Name) | | Judicial Lien | Amount of Judicial Lien to be Avoided | |
| 1 | $ (Lienholder)   + X C | | $ <br>Recorded Date<br>[   ] | $ <br>Effective Upon: | |

### 5.4.3 Nonpossessory, Nonpurchase-Money Security Interest in Exempt Property

The following nonpossessory, nonpurchase-money security interests impair the Debtor's exemption in personal property and may be avoided under § 522(f)(1)(B). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| | Name of Creditor / Procedure | Property Description | Value of Property | Exemption | Amount of Security Interest to be Avoided | |
|---|---|---|---|---|---|---|
| | (Creditor) ☐ Motion ☐ Plan | | $ | $ <br>Statutory Basis<br>§ | $ <br>Effective Upon: | |

### 5.4.4 Mortgages to be Avoided Under 11 U.S.C. § 544

The following debts secured by a mortgage will be paid as unsecured claims concurrent with other Class 4 claims. The Debtor or the Trustee shall file an adversary proceeding to determine whether the mortgage may be avoided. To the extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor, provided a colorable claim exists that would benefit the estate.

| Name of Creditor | Action to be Filed By | Address of Property |
|---|---|---|
|  | ☐ Debtor<br>☐ Trustee |  |

### 5.5 CLASS 5 - CLAIMS PAID BY A NON-FILING CO-DEBTOR OR THIRD PARTY

The following claims shall <u>not</u> be paid by the Trustee or the Debtor but shall be paid by a non-filing co-debtor or third party.

| Name of Creditor | Name of Payor |
|---|---|
|  |  |

### 5.6 CLASS 6 - CLAIMS PAID DIRECTLY BY THE DEBTOR

The following claims shall <u>not</u> be paid by the Trustee but shall be paid directly by the Debtor.

| Name of Creditor | Monthly Payment Amount |
|---|---|
|  | $ |

### 6. SURRENDER OF PROPERTY

The Debtor elects to surrender to the creditor the following property that is collateral for the creditor's claim. Upon confirmation of the Plan, the stay under § 362(a) and, if applicable, § 1301(a) shall be terminated as to the surrendered property only. Rule 3015(g)(2).

| Name of Creditor | Description of Property |
|---|---|
|  |  |

### 7. INTEREST RATE

Unless otherwise stipulated by the parties, ordered by the Court or provided for in this Plan and except for claims treated in paragraph 5.1.1, secured claims shall be paid interest at the annual percentage rate of __6.5__ % based upon a declining monthly balance on the amount of the allowed secured claim. Interest is included in the monthly payment amount. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

☐ **This is a solvent estate.** Unless otherwise provided, all nonpriority unsecured claims shall be paid in full with interest at _____ % from the date of confirmation. If this box is not checked, the estate is presumed to be insolvent.

## 8. FEDERAL INCOME TAX RETURNS AND REFUNDS

**8.1 Federal Income Tax Returns**

If requested by the Trustee, the Debtor shall provide the Trustee with a copy of each federal income tax return filed during the Plan term by April 30 of each year.

**8.2 Federal Income Tax Refunds**

Notwithstanding single/joint tax filing status, the Debtor may annually retain the greater of (1) any earned income tax credit and additional child tax credit or (2) $3,000 of any federal income tax refund for maintenance and support pursuant to § 1325(b)(2) and shall turnover any balance in excess of such amount to the Trustee. Unless otherwise ordered by the Court, tax refunds turned over to the Trustee shall be distributed by the Trustee for the benefit of creditors. Any motion to retain a tax refund in excess of the amount set forth above shall be filed and served pursuant to LBR 9013-3(b).

## 9. OTHER DUTIES OF THE DEBTOR

**9.1 Change of Address, Employment, Marital Status, or Child or Spousal Support Payments**

The Debtor shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtor's address, employment, marital status, or child or spousal support payments.

**9.2 Personal Injury, Workers Compensation, Buyout, Severance Package, Lottery Winning, Inheritance, or Any Other Amount**

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of money or property regarding personal injury, workers compensation, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtor may be entitled or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtor shall comply with all requirements for filing applications or motions for settlement with the Court as may be required by the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules. Unless otherwise ordered by the Court, these funds shall be distributed by the Trustee for the benefit of creditors.

**9.3 Social Security**

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of social security funds.

## 10. INSURANCE

**10.1 Insurance Information**

As of the petition date, the Debtor's real and personal property is insured as follows.

| Property Address/Description | Insurance Company | Policy Number | Full/Liability | Agent Name/Contact Information | |
|---|---|---|---|---|---|
| Vehicle | ROOT | xxx1027 | Full | 866.980.9431 | |

**10.2 Casualty Loss Insurance Proceeds (Substitution of Collateral)**

If a motor vehicle is deemed to be a total loss while there is still an unpaid claim secured by the motor vehicle, the Debtor shall have the option to use the insurance proceeds to either (1) pay off the balance of the secured claim through the Trustee if the secured creditor is a named loss payee on the policy or (2) upon order of the Court, substitute the collateral by purchasing a replacement motor vehicle. If a replacement motor vehicle is purchased, the motor vehicle shall have a value of not less than the balance of the unpaid secured claim, the Debtor shall ensure that the lien of the creditor is transferred to the replacement motor vehicle, and the Trustee shall continue to pay the allowed secured claim. Unless otherwise ordered by the Court, if any insurance proceeds remain after paying the secured creditor's claim, these funds shall be distributed by the Trustee for the benefit of creditors.

**11. EFFECTIVE DATE OF THE PLAN**

The effective date of the Plan is the date on which the order confirming the Plan is entered.

**12. VESTING OF PROPERTY OF THE ESTATE**

Unless checked below, property of the estate does not vest in the Debtor until the discharge is entered. The Debtor shall remain responsible for the preservation and protection of all property of the estate.

☐ Confirmation of the Plan vests all property of the estate in the Debtor in accordance with §§ 1327(b) and (c).

☐ Other _____

**13. NONSTANDARD PROVISIONS**

The nonstandard provisions listed below are restricted to those items applicable to the particular circumstances of the Debtor. Nonstandard provisions shall not contain a restatement of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Mandatory Chapter 13 Form Plan. Any nonstandard provision placed elsewhere in this Plan is void and shall have no binding effect.

|  | Nonstandard Provisions |  |
|---|---|---|
|  |  |  |

By filing this Plan, the Debtor, if unrepresented by an attorney, or the Debtor's Attorney certifies that (1) the wording and order of provisions of this Plan are identical to those contained in the Mandatory Form Chapter 13 Plan adopted in this District and (2) this Plan contains no nonstandard provisions other than those set forth in Paragraph 13.

**Debtor's Attorney**

**Date:** 07/01/19

/s/ Thomas M Fesenmyer

Thomas M Fesenmyer

Fesenmyer Cousino Weinzimmer

120 W Second Street, Suite 333, Dayton, OH 45402

**Ph:** 937.222.7472

**Fx:** 614.228.3882

tom@fcwlegal.com

**Debtor**

/s/ Roshell Anderson

**Date:** 6/18/2019

**Joint Debtor**

/s/ .

**Date:**

### NOTICE OF DEADLINE FOR OBJECTING TO PLAN CONFIRMATION

Debtor has filed a Chapter 13 Plan or an Amended Chapter 13 Plan (collectively, the "Plan").

**Your rights may be affected.** You should read the Plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the Plan, you must file an objection to the Plan **within the later of:** 1) fourteen (14) days after the § 341 meeting of creditors is concluded; **OR** 2) twenty-one (21) days from the date set forth in the certificate of service of this Plan. If a timely objection to the Plan is filed within seven (7) days of the confirmation hearing date, the confirmation hearing will be rescheduled. Rule 3015(f).

Your objection to the Plan, explaining your position, must be filed with the Court and mailed by ordinary U.S. Mail to the United States Bankruptcy Court
120 West Third Street, Dayton OH 45402
OR your attorney must file the objection using the Court's ECF System.

The Court must **receive** your objection on or before the applicable deadline above.

You must also send a copy of your objection either by 1) the Court's ECF System or by 2) ordinary U.S. Mail to:
Roshell Anderson, 408 E. 6th St., Apt. 10, Dayton, OH 45402
Thomas M Fesenmyer, 120 W Second St., Suite 1212, Dayton, OH 45402
Jeffrey M Kellner, 131 N Ludlow St, Suite 900, Dayton, OH 45402
and the United States trustee.

If you or your attorney does not take these steps, the Court may decide that you do not oppose the terms of the Plan and may enter an order confirming the Plan without further hearing or notice.

Certificate of Service

      I hereby certify that a copy of the foregoing Plan was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the Court and (ii) by **ordinary U.S. Mail** on 7/1/2019   addressed to:

Roshell Anderson, 408 E. 6th St., Apt. 10, Dayton, OH 45402

See Attached Matrix

and (iii) by method of service as required by Bankruptcy Rule 7004 (specify method)

Chrysler Capital
Po Box 961275
Fort Worth TX 76161-0000
(First Class US Mail)

Chrysler Capital
c/o Rich Morrin, President
P.O. Box 961279
Fort Worth, TX 76161
(First Class US Mail)

/s/  Thomas M Fesenmyer
Thomas M Fesenmyer
120 W Second Street, Suite 333, Dayton, OH 45402
**Ph:** 937.222.7472
**Fx:** 614.228.3882
tom@fcwlegal.com

```
Label Matrix for local noticing        AAS Debt Recovery                   ARS
0648-3                                  P.O. Box 129                       1699 Wall Street
Case 3:19-bk-31949                      Monroeville, PA 15146-0129         Suite 300
Southern District of Ohio                                                  Mount Prospect, IL 60056-5778
Dayton
Mon Jul  1 08:02:14 EDT 2019

Aaa Debt Rec                            Acceptance Now                     Afni
Pob 129                                 5501 Headquarters Drive            404 Brock Dr.
Monroeville, PA 15146-0129              Plano, TX 75024-5837               P.O. Box 3427
                                                                           Bloomington, IL 61702-3427



Allied Collection Serv                  Roshell Anderson                   Ars Account Resolution
3080 S Durango Dr                       408 E. 6th St., Apt. 10            1643 Nw 136 Ave Bld H St
Las Vegas, NV 89117-9193                Dayton, OH 45402-2946              Sunrise, FL 33323



Asst US Trustee (Day)                   Auto Trakk, Llc                    CBCS
Office of the US Trustee                1500 Sycamore Rd                   P.O. Box 163279
170 North High Street                   Montoursville, PA 17754-9416       Columbus, OH 43216-3279
Suite 200
Columbus, OH 43215-2417


CMRE Financial Services Inc.            Capital Recovery Systems, Inc.     CashNet USA
3075 E. Imperial Hwy, Suite 200         P.O. Box 1993                      200 W. Jackson Blvd.
Brea, CA 92821-6753                     Southgate, MI 48195-0993           14th Floor
                                                                           Chicago, IL 60606-6929



Cb Indigo/gf                            Chrysler Capital                   Citi/stdnt Ln Rsrc Cnt
Po Box 4499                             Po Box 961275                      701 East 60th Street North
Beaverton, OR 97076-4499                Fort Worth, TX 76161-0275          Sioux Falls, SD 57104-0432



Citizens Bank                           Cnac - In101                       Commonwealth Financial Systems, Inc
P.O. Box 42002                          12802 Hamilton Crossing Blvd.      245 Main Street
Providence, RI 02940-2002               Carmel, IN 46032-5424              Scranton, PA 18519-1641



Compunet                                Credit Collection Services         Credit Management
P.O. Box 714133                         P.O. Box 9134                      4200 International Pkwy.
Cincinnati, OH 45271-4133               Needham Heights, MA 02494-9134     Carrollton, TX 75007-1912



Credit One Bank Na                      Enhanced Recovery Company, LLC     Escallate, LLC
Po Box 98872                            8014 Bayberry Road                 P.O. Box 714017
Las Vegas, NV 89193-8872                Jacksonville, FL 32256-7412        Columbus, OH 43271-0001



(p)CHOICE RECOVERY INC                  Thomas M Fesenmyer                 First Premier Bank
1550 OLD HENDERSON ROAD                 Fesenmyer Law Offices, LLC         3820 N Louise Ave
STE 100                                 120 West Second Street, Suite 333  Sioux Falls, SD 57107-0145
COLUMBUS OH 43220-3662                  Dayton, OH 45402-1623
```

| | | |
|---|---|---|
| Global Credit & Collection Corp.<br>5440 N. Cumberland Ave., Suite 300<br>Chicago, IL 60656-1486 | Green Dot Bank/cardwor<br>Attn Credit Disputes<br>Provo, UT 84603 | HRRG<br>P.O. Box 189053<br>Plantation, FL 33318-9053 |
| I C System<br>Po Box 64378<br>Saint Paul, MN 55164-0378 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 |
| Jeffrey M Kellner<br>131 N Ludlow St<br>Suite 900<br>Dayton, OH 45402-1161 | Kemba Financial Credit Union<br>555 Officecenter Pl.<br>Gahanna, OH 43230-5314 | LTD Financial Services<br>7322 Southwest Freeway, Suite 1600<br>Houston, TX 77074-2134 |
| Lead Bank<br>D And 3rd Streets<br>Garden City, MO 64747 | Llyod & McDaniel, PLC<br>11405 Park Rd., Suite 200<br>P.O. Box 23200<br>Louisville, KY 40223-0200 | Ltd Financial Svcs Lp<br>3200 Wilcrest Dr Ste 600<br>Houston, TX 77042-6000 |
| Meade & Associates<br>737 Enterprise Dr.<br>Westerville, OH 43081 | Medicredit Corp.<br>P.O. Box 7206<br>Columbia, MO 65205-7206 | Merion Village Dental<br>1250 S. High St.<br>Columbus, OH 43206-3446 |
| Miami Valley Hospital<br>Attn: Patient Accounts<br>1 Wyoming Street<br>Dayton, OH 45409-2711 | Midland Funding LLC<br>2365 Northside Dr., Suite 300<br>San Diego, CA 92108-2709 | Midwest Recovery Systems<br>P.O. Box 899<br>Florissant, MO 63032-0899 |
| Nationwide Credit, Inc.<br>P.O. Box 14581<br>Des Moines, IA 50306-3581 | Ohio Health<br>5350 Frantz Rd.<br>Dublin, OH 43016-4259 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Phoenix Financial Services<br>P.O. Box 361450<br>Indianapolis, IN 46236-1450 | Physicians Credit Bureau<br>P.O. Box 29917<br>Columbus, OH 43229-7517 | Portfolio Recov Assoc<br>120 Corporate Blvd Ste 100<br>Norfolk, VA 23502-4952 |
| Premier Health<br>Miami Valley Hospital<br>P.O. Box 932715<br>Cleveland, OH 44193-0015 | Premier Health<br>Premier Physician Network<br>3170 Kettering Blvd., Bldg B, 3rd Floor<br>Dayton, OH 45439-1924 | Radiology Physicians<br>P.O. Box 714030<br>Cincinnati, OH 45271-4030 |
| Riverside Radiology<br>P.O. Box 182268<br>Columbus, OH 43218-2268 | Rk/residence<br>201 Milwaukee St<br>Denver, CO 80206-5014 | (p)ROSSMAN & CO PCB<br>PO BOX 2051<br>NEW ALBANY OH 43054-2051 |

| | | |
|---|---|---|
| Rr/residence<br>251 S Lake Ave<br>Pasadena, CA 91101-3003 | SCIL INC<br>c/o Markoff Law LLC<br>7016 Taylorsville Rd. Suite 161<br>Louisville, KY 40299 | Southwest Credit Systems<br>5910 W. Plano Pkwy.<br>Suite 100<br>Plano, TX 75093-2202 |
| SpeedyRapid Cash<br>P.O. Box 780408<br>wichita, KS 67278-0408 | Stone Lake Lending<br>P.O. Box 924<br>Lac Du Flambeau, WI 54538-0924 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Synchrony Bank/BELK<br>170 Election Rd.<br>Suite 125<br>Draper, UT 84020-6425 | Tbom/total Crd<br>Po Box 85710<br>Sioux Falls, SD 57118-5710 | The CBE Group<br>131 Tower Park Ave., Ste. 100<br>P.O. Box 2547<br>Waterloo, IA 50704-2547 |
| Transworld Systems, Inc.<br>2135 E. Primrose Suite Q<br>Springfield, MO 65804-4598 | US Attorney Dayton<br>200 W. Second St., Suite 600<br>Southern District of Ohio<br>Dayton, OH 45402-1480 | US Attorney General<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530-0009 |
| Verizon<br>1515 E. Woodfiled Rd., Suite 1400<br>Attn: Recovery Dept.<br>Schaumburg, IL 60173-5443 | Webbank/fingerhut<br>6250 Ridgewood Road<br>Saint Cloud, MN 56303-0820 | Webbank/fingerhut Fres<br>6250 Ridgewood Road<br>Saint Cloud, MN 56303-0820 |
| Weltman, Weinberg & Reis<br>3705 Marlane Drive<br>Grove City, OH 43123-8895 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| FFCC- Columbus<br>PO Box 20790<br>Columbus, OH 43220 | Jefferson Capital Syst<br>16 Mcleland Rd<br>Saint Cloud, MN 56303 | Rossman & Co.<br>P.O. Box 29917<br>Columbus, OH 43229 |

End of Label Matrix
Mailable recipients    75
Bypassed recipients     0
Total                  75